UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMEAL WHITE,

        Plaintiff,

v.

UNIT MANAGER CHIEF J. OPPI,

        Defendant.

Civil Action 1:25-cv-781
Judge Jeffery P. Hopkins
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Jermeal White, an Ohio inmate who is proceeding without the assistance of counsel, sues J. Oppy,[1] Unit Manager Chief at the Southern Ohio Correctional Facility ("SOCF"), under 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendment rights. This matter is before the Court for the initial screen of Plaintiff's Complaint, as amended, under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint for failure to state

---

[1] Plaintiff's original Complaint named Defendant "J. Oppi," but Plaintiff's amendments to his Complaint clarify that the correct spelling is "Oppy."

a claim on which relief may be granted. It is further **RECOMMENDED** that Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 10) be **DENIED**.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF Nos. 5, 14.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $31.06 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A654040) at the Southern Ohio Correctional Facility is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

2

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I. BACKGROUND

Plaintiff alleges that in 2018, while he was an inmate at SOCF, he was issued a false conduct report by Unit Case Manager Ms. Azbell charging Plaintiff with establishing or attempting to establish a personal relationship with an employee. (May 16, 2018 Conduct Report, ECF No. 1, PAGEID #11.) Ms. Azbell stated that she had received a letter from Plaintiff asking her to provide him with cash, a cell phone, and explicit photos of herself, and stating that he would be out soon, that she was his woman, and that he would be coming home to her. Ms. Azbell further stated that she feared for her safety due to having to see Plaintiff every day when she conducted rounds. (*Id.*)

Plaintiff was apparently released or transferred to another facility at some point after this conduct report was issued. But in 2024, Plaintiff returned to SOCF and was placed by Defendant, J. Oppy, Unit Manager Chief, back in the same unit as Ms. Azbell. Since that time, Plaintiff has been subjected to harassment and threats by SOCF staff members. Specifically, Ms. Azbell told Plaintiff that she hates him and he should not be at SOCF, and unspecified members of Ms. Azbell's unit staff told Plaintiff that "they are going to make his life a living hell." (Compl. 3–5, ECF No. 1.) Additionally, another female staff member issued an allegedly false conduct report charging Plaintiff with indecent exposure and disobedience of a direct order. (July 7, 2025 Conduct Report, ECF No. 1, PAGEID #17.)

Plaintiff has filed numerous grievances about the threats and harassment and his resulting fear for his safety, but Defendant has not transferred him. In fact, Defendant issued his own

3

conduct report on July 1, 2025, charging Plaintiff with disobedience of a direct order when Plaintiff failed to stop sending kites to Defendant seeking a transfer. (July 1, 2025 Conduct Report, ECF No. 13-1, PAGEID #74.) Plaintiff complains that he lacks access to a fair grievance process and has been unable to appropriately escalate to the proper steps of the grievance process. (Compl. 6, ECF No. 1.)

Plaintiff commenced this action on October 27, 2025, advancing claims for violations of his Eighth and Fourteenth Amendment rights and seeking declaratory and injunctive relief and compensatory and punitive damages. (Compl., ECF No. 1.) Since then, Plaintiff has filed several motions to amend the Complaint (ECF Nos. 4, 9, 13), which are **GRANTED**. The undersigned considers all of Plaintiff's proposed amendments in screening the Complaint under §§ 1915 and 1915A. Plaintiff also filed a motion for preliminary injunction and temporary restraining order on November 14, 2025, seeking immediate transfer to another facility due to "obvious" danger to his safety. (ECF No. 11.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—

4

>    (i) is frivolous or malicious; [or]
>
>    (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient

5

factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.     ANALYSIS

The undersigned construes Plaintiff's Amended Complaint to advance claims against Defendant Oppy under 42 U.S.C. § 1983 for failure to provide an effective grievance process, issuance of a false conduct report, and failure to protect Plaintiff from a threat of serious harm. None of these claims are viable.

First, Plaintiff's dissatisfaction with the handling of his administrative grievances fails to state a claim because "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Nor is there a "constitutional right to a detailed opinion from a grievance coordinator in a prison grievance system." *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 447 (6th Cir. 2005).

6

Second, to the extent that Plaintiff's claims rely on the issuance of a false conduct report (by Defendant or any other individual), he has failed to state a claim. "[A] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'") (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012)), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

Finally, Plaintiff's allegations that Defendant placed Plaintiff in the same unit as Ms. Azbell and other SOCF staff members who have harassed and threatened him and refuses to transfer him to another unit or facility, do not state a viable failure-to-protect claim. "The [Eighth] Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates . . . ." *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994) (internal quotation marks and citations omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney*

7

*v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

Such claims under the Eighth Amendment require a plaintiff "to prove both the subjective and objective elements necessary to prove an Eighth Amendment violation." *Helling*, 509 U.S. at 35. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). The United States Supreme Court has offered the following guidance with respect to the objective factor:

> [The objective factor] requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36.

"To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained:

> "[T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotation marks and citations omitted)). However, "a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a

8

reasonable prison official would have noticed it." *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011) (citing *Farmer*, 511 U.S. at 842).

Here, Plaintiff has alleged no physical injury as a result of Defendant's placement of Plaintiff in Ms. Azbell's unit or his refusal to transfer Plaintiff elsewhere. This forecloses any recovery of damages on his Eighth Amendment claim. *See Wells v. Jefferson Cnty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1010–11 (S.D. Ohio 2001) ("Absent any assault on him, [Plaintiff's] Eighth Amendment failure-to-protect claim has no substance.") (citing *Wilson v. Yaklich,* 148 F.3d 596, 600–602 (6th Cir.1998) ("However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.")). And although injunctive relief might be available if Plaintiff alleged an ongoing unconstitutional threat of harm (*see Wilson*, 148 F.3d at 601), Plaintiff has not done so. Plaintiff alleges at most that he has been subjected to verbal harassment and threats, as well as false conduct reports, since he returned to SOCF in 2024. Given that SOCF staff members have not carried out any of their threats in the year or so since Plaintiff's return to SOCF, Plaintiff's allegations do not give rise to a plausible inference of a "substantial risk of serious harm" in the future. *See Farmer*, 511 U.S. at 834.

In sum, Plaintiff has failed to state a claim on which relief may be granted. As a result, it is recommended that the Court dismiss Plaintiff's Amended Complaint and deny his motion for preliminary injunction and temporary restraining order.

## IV. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Nos. 5, 14) is **GRANTED**. Plaintiff's motions to amend the Complaint (ECF Nos. 4, 9, 13) are **GRANTED**. The Clerk is **DIRECTED** to combine Plaintiff's original Complaint (ECF No. 1) and two proposed Amended Complaints (ECF Nos. 9-1 and 13-1) into a single document and file it on

the docket as Plaintiff's Amended Complaint. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint for failure to state a claim on which relief may be granted. It is further **RECOMMENDED** that Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 10) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE