**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JERMEAL WHITE,

    *Plaintiff*,

vs.

UNIT MANAGER CHIEF J. OPPI,

    *Defendant*.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:25-cv-00781

Judge Jeffery P. Hopkins

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

This matter is before the Court on the Order and Report and Recommendation (Doc. 17) (the "R&R") issued by Magistrate Judge Chelsey M. Vascura on December 19, 2025. In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff Jermeal White's ("Plaintiff" or "Mr. White") Amended Complaint (Doc. 16) against Defendant J. Oppy[1] ("Defendant"), the Unit Manager Chief at the Southern Ohio Correctional Facility ("SOCF"), for failure to state a claim upon which relief can be granted. Doc. 17. The Magistrate Judge also recommends that the Court deny Mr. White's Motion for Preliminary Injunction and Temporary Restraining Order. Doc. 10. Mr. White has filed objections. Doc. 21. For the reasons set forth below, Mr. White's objections (Doc. 21) are **OVERRULED**, and the R&R (Doc. 17) is **ADOPTED**. Because the Court dismisses this action, Mr. White's additional motions for a preliminary injunction and temporary restraining order (Docs. 22, 23) are denied as **MOOT**.

---

[1]    Mr. White initially named Defendant "J. Oppi" in the original Complaint. Compl., Doc. 1. His subsequent amendments, however, clarify that the correct spelling is "Oppy." *See* Am. Compl., Doc. 16, PageID 90.

## I.      BACKGROUND

On May 18, 2018, Mr. White received a disciplinary conduct report from Unit Case Manager Leslie Azbell ("Ms. Azbell") due to his alleged attempt to form an inappropriate relationship with her during Mr. White's incarceration at SOCF.[2] Compl., Doc. 1, PageID 11. The report states that Mr. White sent a letter to Ms. Azbell requesting that she bring him $100.00, a cell phone, and explicit photographs of herself for Mr. White to keep. *Id.* Mr. White allegedly stated that Ms. Azbell was his "woman" and that, at some point, he would be "coming home to [her]." *Id.* In the report, Ms. Azbell shared that she feared for her safety around Mr. White because she was required to see him on a regular basis during her rounds at the prison. *Id.* After a hearing on the matter, the Rules Infraction Board (the "Board") found Mr. White guilty of attempting to form an inappropriate personal relationship with Ms. Azbell. *Id.* at PageID 12. Mr. White asserts, however, that the report was "very . . . untruthful" and that officials at the prison have prepared multiple fake disciplinary conduct reports about him "for no reason." *Id.* at PageID 3; Doc. 16, PageID 91.

Shortly thereafter, on May 18, 2018, Sergeant Dillow issued a separate disciplinary conduct report charging Mr. White with assault and disobedience of a direct order. Compl., Doc. 1, PageID 14. Sergeant Dillow reported that, following a hearing, Mr. White "suddenly came across [the] desk lunging at" Sergeant Dillow and "headbutting [him] in the shoulder area striking [him] several times" which led to an altercation between the two. *Id.* Mr. White maintains that this report was "untruthful," but the disciplinary records reflect that the Board ultimately found Mr. White guilty of the alleged conduct. *Id.* at PageID 4, 14–15; Doc. 21,

---

[2] In Magistrate Judge Chelsey M. Vascura's December 19, 2025, R&R (Doc. 17), she carefully sets out the factual allegations asserted by Mr. White in this case. The Court only briefly summarizes those allegations here and directs attention to Magistrate Vascura's well-crafted R&R for a more exhaustive discussion of the facts. *See* Doc. 17, PageID 96–97.

PageID 120. Mr. White asserts that, at some point, he was transferred to another institution but returned to SOCF in 2024. Compl., Doc. 1, PageID 3. Upon his return, Defendant housed Mr. White in a unit where Ms. Azbell primarily worked. *Id*. He alleges that in January 2025, Ms. Azbell told Mr. White that she hated him and that he should not have returned to SOCF. *Id*. He further alleges that Ms. Azbell's unit staff stated that they would make Mr. White's life a "living hell" at the prison. *Id*. To address these remarks, Mr. White asserts that he made repeated complaints and requests to Defendant to transfer prisons stating that he was in "imminent danger" because of the prior incidents with Ms. Azbell and Sergeant Dillow. *Id*. at PageID 4–5. However, he states that those requests were completely disregarded by Defendant. *Id*. at PageID 3–4, 6; Doc. 16, PageID 93. Finally, because of his current housing at SOCF, Mr. White asserts that he suffers from emotional distress, sleep disruption, and severe mental-health issues. Compl., Doc. 1, PageID 4.

On October 27, 2025, Plaintiff filed a Complaint *in forma pauperis* and *pro se* asserting constitutional claims under the Eighth and Fourteenth Amendments of the Constitution pursuant to 42 U.S.C. § 1983, seeking declaratory, injunctive, and monetary relief against Defendant. *Id*. at PageID 7–8. He subsequently filed an Amended Complaint (Am. Compl., Doc. 16) on December 19, 2025. The same day, the Magistrate Judge issued an R&R (Doc. 17) recommending dismissal of Plaintiff's Amended Complaint (Doc. 16) and recommending denial of Mr. White's Motion for a Preliminary Injunction and Temporary Restraining Order[3]

---

[3] Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge screened Mr. White's Amended Complaint (Am. Compl., Doc. 16) to determine whether it stated any cognizable claim or instead was subject to dismissal as frivolous, malicious, failing to state a claim on which relief may be granted, or seeking relief from an immune defendant. Based on that screening, the Magistrate Judge recommended dismissal of Mr. White's Amended Complaint (Am. Compl., Doc. 16) and denial of his request for injunctive relief (Doc. 10). In conducting the initial screening, the Magistrate Judge considered Plaintiff's Amended Complaint (Am. Compl., Doc. 16) together with his original Complaint (Compl., Doc. 1) and construed those filings collectively. *See* Doc. 17, PageID 97.

(Doc. 10). *See* Doc. 17, PageID 102–03. Mr. White has filed objections (Doc. 21) to the R&R. The matter is now ripe for review.

## II.    STANDARDS OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## III.    LAW AND ANALYSIS

The Magistrate Judge construed Mr. White's Amended Complaint (Am. Compl., Doc. 16) and related filings as asserting claims pursuant to 42 U.S.C. § 1983 based upon three theories: (1) that Defendant allegedly failed to protect Mr. White from a serious risk of harm; (2) that he was allegedly denied an effective grievance process; and (3) that Mr. White was allegedly subjected to false conduct reports. Doc. 17, PageID 99. She then concluded that none of these theories provided a viable basis for relief. *Id*. At this juncture, Mr. White raises three objections to the R&R. First, he contends that the Magistrate Judge erred in concluding that he failed to state an Eighth Amendment claim; second, he contends that he should be permitted to pursue punitive damages based on his mental and emotional distress; and third, he contends that the Magistrate Judge erred in recommending a denial of his motion for a preliminary injunction and temporary restraining order. *See* Doc. 21. The Court addresses each objection in turn.

4

### 1. Mr. White's Eighth Amendment Failure to Protect Claim

In the R&R, the Magistrate Judge applied the familiar two-part test governing Eighth Amendment failure-to-protect claims. That test requires plaintiffs, such as Mr. White, to satisfy both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Under the objective component, Mr. White must plausibly show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. Under the subjective component, Mr. White must show that prison officials had a "sufficiently culpable state of mind," or in other words, were deliberately indifferent toward him.[4] *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The Magistrate Judge concluded that Mr. White's allegations were insufficient on both prongs. Doc. 17, PageID 101–02.

Upon *de novo* review, the Court agrees. As noted, Mr. White alleges that Defendant knowingly housed him in the same prison unit as Ms. Azbell and around Sergeant Dillow despite the 2018 incidents and his later problems with staff. Compl., Doc. 1, PageID 3–4. He further claims that, even after he repeatedly told Defendant that he feared for his safety, Defendant refused to approve his transfer to another prison. *Id.* at PageID 3–4; Doc. 16, PageID 93 ("[Mr.] White has sent me numerous kites concerning a transfer to another facility. I have told him numerous times that he is not eligible and to stop sending kites to me about this issue. He continues to send kites disobeying my direct orders."). Under the most generous interpretation of the objective component of the test, Mr. White's allegations, taken as true,

---

[4] The Sixth Circuit in *Berkshire v. Dahl* described the subjective component this way, "state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Berkshire v. Dahl*, 928 F.3d 520, 535 (6th Cir. 2019) (citation omitted).

appear to show that he might be incarcerated under conditions posing a risk of serious harm. Here, Mr. White claims to be in fear of staff members with whom he has a difficult history and that he has been subjected to verbal harassment, threats, and multiple disciplinary charges since his return to SOCF in 2024. Compl., Doc. 1, PageID 3–4.

Under well-established Sixth Circuit precedent, however, "a plaintiff must allege that he has suffered or is threatened with suffering *actual* harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 600–02 (6th Cir. 1998) (emphasis added) ("However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.") (citation omitted); *Wells v. Jefferson Cnty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1011 (S.D. Ohio 2001) ("Absent any assault on him, Wells's Eighth Amendment failure-to-protect claim has no substance."). Here, Mr. White's allegations—that Ms. Azbell stated that she hates him, that he should not have returned to SOCF in 2024, and that unit staff would make his life a "living hell"—constitute, at best, fears, allegations of harassment, and non-physical retaliation. *Wilson*, 148 F.3d at 600–02; Compl., Doc. 1, PageID 3.

However, the Court cannot discount the seriousness of the 2018 physical altercation involving Sergeant Dillow and Mr. White. *Id.* at PageID 14. As to that incident, Mr. White alleges that he was falsely accused of assault and states that the incident shaped his relationship with certain SOCF staff. *See* Doc. 21, PageID 120. The Board nevertheless found Mr. White guilty of that violation. Compl., Doc. 1, PageID 14–16. Even accepting Mr. White's account of the 2018 events as true, however, his assertions (Doc. 21) do not allege

that any similar assault or attempted assault has occurred, or nearly occurred, since his return to SOCF in 2024. *Helling*, 509 U.S. at 36 ("[The objective factor] requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate."). Here, there is roughly a six-year gap between the 2018 incident and Mr. White's return to SOCF. That incident, standing alone, does not turn Mr. White's more recent allegations of fear and harassment into an ongoing substantial risk of serious harm that "violates contemporary standards of decency" for Eighth Amendment purposes. *Id*. Indeed, the passage of several years without any new instances of physical harm significantly undermines any inference that Mr. White now faces a substantial risk of serious harm in the future. Therefore, Mr. White's allegations presented here are insufficient to satisfy the objective component. *See Farmer*, 511 U.S. at 834.

The same shortcomings present themselves under the subjective component of the two-part test governing Eighth Amendment failure-to-protect claims. The subjective standard is satisfied only if the official acted with a "sufficiently culpable state of mind"—that is, deliberate indifference—and "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Here, Mr. White alleges that Defendant refused his requests to be transferred and left him housed in a unit near Ms. Azbell and around Sergeant Dillow, but he does not allege that SOCF staff have assaulted him since his return in 2024 or that any specific, imminent threat of physical attack has been carried out or come close to fruition. Compl., Doc. 1, PageID 3–

7

4. At most, the pleadings describe a longstanding conflict with certain staff, verbal harassment, and a disagreement over housing and transfer decisions. *See* Doc. 16, PageID 93. Standing alone, those allegations do not plausibly show that Defendant could or should have drawn the inference that Mr. White faced a substantial risk of serious physical harm and then disregarded that risk, as *Farmer* requires. *Farmer*, 511 U.S. at 837; *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011). The Court therefore agrees with the Magistrate Judge that Mr. White has not satisfied the subjective component of an Eighth Amendment failure-to-protect claim and, for the reasons already discussed, has not satisfied the objective component either.

### 2. Grievance Process, Allegations of False Reports, and Damages

The Magistrate Judge also addressed Mr. White's allegations that he has been denied a fair grievance process and has been subjected to false or untruthful conduct reports. Doc. 17, PageID 100. In the R&R, the Magistrate Judge correctly concluded that these allegations fail to state constitutional claims as there is no "constitutional right to be free from false accusations of misconduct" nor "to an effective prison grievance procedure." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986)); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("[The inmate's] allegations do not state a claim because there is no inherent constitutional right to an effective prison grievance procedure."). Here, the disciplinary records attached to the pleadings reflect that Mr. White received written notice of the charges, attended several hearings, offered his own defense during the hearings on more than one occasion, and received an appeal notice informing him of his appellate rights that specifically said "you [Mr. White] may appeal this decision to the warden. The appeal must be submitted using the provided form . . . within 7 days of receiving of disposition." Compl., Doc. 1, PageID 18–19.

Mr. White does not allege that those proceedings, in which he actively participated, lacked the basic procedural safeguards afforded under due process. Rather, he largely reiterates that the tickets were untruthful and that he is dissatisfied with the outcome. Compl., Doc. 1, PageID 3; Doc. 16, PageID 91. However, those arguments do not present cognizable claims under the law. *Lee v. Pauldine*, No. 1:12-cv-077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("[T]he mere filing of [a false] charge itself' does not constitute a cognizable claim under § 1983 so long as the inmate 'was granted a hearing, and had the opportunity to rebut the unfounded or false charges.'") (citation omitted). In addition, because Mr. White has not stated a viable constitutional violation, his request for compensatory and punitive damages also fails. Compl., Doc. 1, PageID 8.

### 3. *Request for Preliminary Injunction and Temporary Restraining Order*

Finally, Mr. White seeks a preliminary injunction and temporary restraining order directing his immediate transfer to another institution, asserting that he is in "imminent danger" at SOCF because of prior incidents with staff, ongoing harassment, and the risk of future fabricated assault charges. Doc. 10, PageID 61. The Magistrate Judge recommends denial of that relief.[5] Doc. 17, PageID 103. The issuance of injunctions and temporary restraining orders are extraordinary remedies governed by Rule 65. *See* Fed. R. Civ. P. 65. In determining whether to grant or deny injunctive relief, the court considers the following factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would

---

[5] Mr. White also filed two additional motions styled as requests for preliminary injunctions and temporary restraining orders. *See* Docs. 22, 23. He filed the first (Doc. 22) on the same day as his objections to the R&R, and the second (Doc. 23) several months after the objection deadline. Because the Court adopts the R&R and dismisses this action, both motions for injunctive relief (Docs. 22, 23) are now moot.

be served by issuance of the injunction." *City of Pontiac Retired Emples. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). The party seeking injunctive relief must prove its case by clear and convincing evidence. *See Hartman v. Acton*, No. 2:20-cv-1952, 2020 WL 1932896, at *2 (S.D. Ohio Apr. 21, 2020) (citation omitted).

The Court agrees with Magistrate Judge Vascura that Mr. White has failed to make the kind of showing necessary to warrant injunctive relief. For the reasons already discussed, the Amended Complaint (Doc. 16) fails to state a plausible Eighth or Fourteenth Amendment claim, so Mr. White cannot establish a likelihood of success on the merits. Nor has he shown irreparable harm warranting the extraordinary remedy of a transfer order. His allegations describe fear, verbal harassment, and the possibility of future fabricated charges, but not any recent physical harm or concrete attempt on his safety since his return to SOCF in 2024. *See Wilson*, 148 F.3d at 600–01; *Wells*, 159 F. Supp. 2d at 1010–11. The remaining two factors, harm to others and the public interest, also weigh against granting the requested relief. Ordering Mr. White's immediate transfer would insert the Court into day-to-day housing and security decisions traditionally entrusted to prison officials, without showing that such intervention is necessary because of an imminent, serious risk of harm to Mr. White. *See Turner v. Safley*, 482 U.S. 78, 84–85 (1987) ("Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities."). On this record, the Court agrees with the Magistrate Judge that the facts as alleged do not favor the extraordinary relief Mr. White seeks.

IV.    **CONCLUSION**

Mr. White's objections (Doc. 21) are therefore **OVERRULED**, and the R&R (Doc. 17) is **ADOPTED**. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**. Mr.

White's additional motions for a preliminary injunction and temporary restraining order (Docs. 22, 23) are **DENIED** as **MOOT**.

      **IT IS SO ORDERED.**

June 4, 2026
                                       Jeffery P. Hopkins
                                     United States District Judge